IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NIGEL BLISS and DAYNA BLISS, as individuals and as guardians *ad litem*, on behalf of J.B., a minor, and E.B., a minor,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ADEBIMPE ADEWUSI, KEYVAN ABTIN, PATRICK BRAY, AUBREY FEAR, SHAWN GOODMAN, KATHRYN GREENE, BRADLEY LEIKEM, STOKELY RODRIGUEZ, LEGACY EMANUEL HOSPITAL & HEALTH CENTER DBA CARES NORTHWEST, LEGACY EMANUEL HOSPITAL & HEALTH CENTER DBA RANDALL CHILDREN'S HOSPITAL AT LEGACY, CLACKAMAS COUNTY SHERIFF'S OFFICE, CHILD EYE CARE ASSOCIATES LLC, CLACKAMAS COUNTY, and STATE OF OREGON by and through its agency DEPARTMENT OF HUMAN SERVICES and the CHILD PROTECTIVE SERVICES DIVISION thereof,<br><br>　　　　　Defendants. | No. 3:23-cv-00650-HZ<br><br>OPINION & ORDER |

1 – OPINION & ORDER

Andrew C. Lauersdorf
Janis C. Puracal
Maloney Lauersdorf & Reiner, PC
1111 E Burnside St, Ste 300
Portland, OR 97214

Byron C. Lichstein
7 Marlboro Ln
Eugene, OR 97405

    Attorneys for Plaintiffs

Misha Isaak
Michael Paul Rubin
Stoel Rives LLP
760 SW 9th Ave, Ste 3000
Portland, OR 97205

    Attorneys for Defendants Legacy Emanuel Hospital & Health Center, Keyvan Abtin, Adebimpe Adewusi, and Stokely Rodriguez

HERNÁNDEZ, District Judge:

Defendants Legacy Emanuel Hospital & Health Center, Keyvan Abtin, Adebimpe Adewusi, and Stokely Rodriguez ("Hospital Defendants") move for this Court to reconsider a portion of its most recent Opinion and Order granting in part and denying in part their motion to dismiss Plaintiffs' Amended Complaint. Def. Mot., ECF 102. For the following reasons, the Court denies the Motion.

## BACKGROUND

Plaintiffs sued Defendants for actions surrounding a child abuse investigation of Nigel and Dayna Bliss, which resulted in dependency proceedings against Nigel and Dayna and the prosecution of Nigel. Am. Compl., ECF 69. Hospital Defendants moved to dismiss Plaintiffs' original Complaint; when the Court granted the motion in part and Plaintiffs filed the Amended Complaint, they moved to dismiss the Amended Complaint. On April 27, 2024, the Court

granted in part and denied in part Hospital Defendants' motion to dismiss the Amended Complaint. Op. & Ord., ECF 101. The Opinion and Order was entered on April 30, 2024. On May 10, 2024, Hospital Defendants moved for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). Plaintiffs responded on May 24, 2024. ECF 111.

## STANDARDS

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion for reconsideration may be filed under Federal Rules of Civil Procedure 59(e) or 60(b). *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

> A motion for reconsideration also may be brought under Rule 60(b) if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Relief under exception (6) above requires a finding of "extraordinary circumstances."

*Backlund*, 778 F.2d at 1388.

A motion for reconsideration should not be the occasion to tender new legal theories for the first time, but rather should serve to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *see also Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81

F.3d 881, 888 (9th Cir. 1996) (new facts or law may warrant reconsideration); at 1388 (motion for reconsideration of summary judgment order properly denied where "it presented no arguments that had not already been raised in opposition to summary judgment").

## DISCUSSION

Hospital Defendants ask the Court to delete or modify one paragraph in its Opinion and Order that addresses Plaintiffs' conspiracy allegations. Def. Mot. 2-3. That paragraph reads:

> Finally, the Court notes that Hospital Defendants characterize the conspiracy as "a conspiracy to intentionally falsify evidence to destroy an innocent family." Hospital Def. Reply 22. The FAC alleges a less extreme conspiracy. The FAC plausibly alleges that Hospital Defendants initially investigated the potential of abuse based on a mandatory report, but when there was insufficient evidence of abuse, they and the other Defendants persisted in their investigation, fabricating evidence of abuse to bolster a finding of abuse and avoiding alternate explanations for E.B.'s injuries. The FAC does not allege that Defendants were motivated specifically by a desire to hurt Nigel and Dayna Bliss, but it does allege that they persisted in actions that—if Plaintiff's allegations are believed—they knew would necessarily result in violations of Plaintiffs' rights. The FAC adequately alleges that Defendants were in a conspiracy.

Op. & Ord. 38, ECF 101.

Hospital Defendants argue that "the misconduct described in this paragraph is not in fact a 'conspiracy'" because it "describes only individual wrongdoing" and does not show an agreement as required to establish a conspiracy. Def. Mot. 3. As Hospital Defendants acknowledge, the Court already stated in its Opinion and Order that Plaintiffs must establish an agreement or meeting of the minds to prove a conspiracy. *Id.* (citing Op. & Ord. 36, ECF 68). Hospital Defendants argue that mere association or discussion of common interests is not enough to show a conspiracy. *Id.* at 3-4 (citing *Pool v. Multnomah Cnty.*, No. 99-00597, 2000 WL 1364229, at *7 (D. Or. Sept. 6, 2000), *aff'd sub nom. Pool v. VanRheen*, 297 F.3d 899 (9th Cir. 2002)).

The Court has already held that Plaintiffs cannot prove a conspiracy simply by showing that the various Defendants did independent acts that happened to further the same outcome. As it noted in its Opinion and Order resolving the motions to dismiss the Amended Complaint, the Court dismissed Plaintiffs' conspiracy allegations in the first round of motions to dismiss because Plaintiffs only "alleged that the various Defendants made different decisions in reliance on other Defendants' decisions," which was not enough to establish a conspiracy. Op. & Ord. 36. The Court reviewed Plaintiffs' allegations in the Amended Complaint and concluded that they presented enough circumstantial evidence that, in the light most favorable to them, could establish an agreement to fabricate evidence of abuse to proceed in the child abuse investigation when Defendants knew that there was insufficient genuine evidence of abuse. *Id.* at 33-37. As Plaintiffs state, the Court's resolution of the conspiracy allegations follows Ninth Circuit authority providing that a meeting of the minds may be inferred based on circumstantial evidence. Pl. Resp. 3 (citing *Mendocino Env't. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301-02 (9th Cir. 1999)).

Defendants also argue that "there was no opportunity for [Dr. Adewusi] to form an agreement with the other defendants" given the speed at which events unfolded after E.B. was rushed to the hospital. Def. Mot. 4. This factual issue is more appropriately addressed in a motion for summary judgment or at trial, after discovery shows whether Plaintiffs' conspiracy theory is viable. Indeed, the *Pool* case Hospital Defendants rely on addressed a motion for summary judgment, not a motion to dismiss.

The Court also addressed the requirement that the objective of the conspiracy be unlawful. *See* Op. & Ord. 36, ECF 68. The Court stated that "[t]he allegation of target numbers of abuse prosecutions supports an inference that Defendants were motivated to proceed with the

5 – OPINION & ORDER

case despite a lack of evidence." Op. & Ord. 37, ECF 101. When addressing other claims, the Court noted that Plaintiffs had alleged that Hospital Defendants had a financial motive to make and perpetuate diagnoses of abuse even when the evidence pointed to no abuse. *Id.* at 26. That allegation is also relevant to the conspiracy allegations.

Hospital Defendants close their Motion by asserting, "Plaintiffs will need to prove that the Hospital Defendants and the other Defendants *agreed* to fabricate evidence of child abuse and to work toward having the Blisses' children taken from them for (they allege) a financial gain." Hospital Def. Mot. 5. The Court already addressed everything Hospital Defendants raise in their Motion, and already held that to prove a conspiracy, Plaintiffs must show an agreement to achieve an unlawful purpose. There is no basis to amend or delete the paragraph to which Hospital Defendants object.

## CONCLUSION

Hospital Defendants' Motion for Reconsideration [102] is DENIED.

IT IS SO ORDERED.

DATED:_____June 13, 2024_____.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER