Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518

Byron C. Lichstein, OSB #214074
E-Mail: blichstein.lplaw@gmail.com
ATTORNEY BYRON LICHSTEIN
71 Marlboro Ln.
Eugene, OR 97405
Telephone: (503) 908-5942

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NIGEL BLISS and DAYNA BLISS, as individuals and as guardians *ad litem*, on behalf of J.B., a minor, and E.B., a minor, <br> Plaintiffs, <br><br> v. <br><br> ADEBIMPE ADEWUSI, KEYVAN ABTIN, PATRICK BRAY, AUBREY FEAR, SHAWN GOODMAN, KATHRYN GREENE, BRADLEY LEIKEM, STOKELY RODRIGUEZ, LEGACY EMANUEL HOSPITAL & HEALTH CENTER DBA CARES NORTHWEST, LEGACY EMANUEL HOSPITAL & HEALTH CENTER DBA RANDALL CHILDREN'S HOSPITAL AT LEGACY, CLACKAMAS COUNTY SHERIFF'S OFFICE, CHILD EYE CARE ASSOCIATES LLC, CLACKAMAS COUNTY, and STATE OF OREGON by and through its agency DEPARTMENT OF HUMAN SERVICES and the CHILD PROTECTIVE SERVICES DIVISION thereof, <br> Defendants. | Civil No. 3:23-cv-00650-HZ <br><br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR OVERLENGTH BRIEFS [DKT. NOS. 184, 192, AND 208] |

Page 1– PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR OVERLENGTH
     BRIEFS [DKT. NOS. 184, 192, AND 208]

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## I.  RELIEF REQUESTED

Plaintiffs request the Court deny the Defendants' motions for overlength briefs on summary judgment.  Plaintiffs do not object to a reasonable extension of 15 pages in excess of the LR 7-2(b) 35-page limit.  Plaintiffs request the Court strike the pages from the Defendants' briefs in excess of 50 pages.

## II.  STATEMENT OF RELEVANT FACTS

By order dated April 22, 2026, the Court ordered all dispositive motions to be filed by June 22, 2026.[1]

On June 22, 2026, the Defendants filed their motions for summary judgment.  Three sets of Defendants—the County Defendants, the Hospital Defendants, and the State Defendants—filed overlength briefs.  The County Defendants' brief is 75 pages.[2]  The Hospital Defendants' brief is 70 pages.[3]  The State Defendants' brief is 43 pages.[4]

On the same day the Defendants filed their overlength briefs, they also filed motions for overlength briefs.[5]

During the parties' conferral, Plaintiffs did not object to briefs up to 50 pages (15 pages in excess of LR 7-2(b) page limit).  But Plaintiffs objected to briefs in excess of 50 pages.  Plaintiffs file this response to the Defendants' motions for overlength briefs in excess of 50 pages.

///

///

///

---

[1] Dkt. No. 182.
[2] Dkt. No. 185.
[3] Dkt. No. 193.
[4] Dkt. No. 209.
[5] Dkt. Nos. 184, 192, and 208.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## III.  POINTS AND AUTHORITIES

Local Rule 7-2(b) provides that a party must obtain "prior Court approval" before filing a dispositive motion in excess of 35 pages.[6]  None of the Defendants requested prior court approval before filing their overlength briefs.

The LR 7-2(b) page limits exist for a reason.  Federal courts in this Circuit recognize that "[e]xcessive briefs are disfavored considering 'the strain on the Court's already-swollen docket and potential prejudices to the opposing party.'"[7]  Those courts further acknowledge that "excessive briefs 'may actually hurt a party's case, making it far more likely that meritorious arguments will be lost amid the mass of detail.'"[8]  The purpose of dispositive motions is to narrow the issues before the Court; briefs in excess of page limits frustrate that purpose.

Here, the Hospital Defendants and the County Defendants each filed dispositive motions that are double the LR 7-2(b) page limit, without prior permission of the court.[9]  The Defendants

---

[6] *See also King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) ("Parties may file overlength briefs if they obtain prior permission from the court.").  *Cf. Murray v. City of Bonner Ferry*, 2016 U.S. Dist. LEXIS 75510, at *4 (D. Idaho June 8, 2016) ("And, while the sort of 'unusual circumstances' referenced within [D. Idaho] Local Civil Rule 7.1(a)(2) may very well apply here, it is incumbent upon Defendants to proffer those circumstances to the Court **before** actually filing any overlength briefing.  Otherwise, Local Civil Rule 7.1(a)(2)'s additional and straightforward mandate that page limits not be exceeded 'without express leave of the Court' means nothing, while, further, undercutting the Court's ability to meaningfully consider the merits of any request for more pages.  In short, motions to exceed page limits are not granted as a matter of right—Defendants must secure the Court's permission before filing a brief that exceeds this District's established page limits; asking for permission after-the-fact rather than permission upfront is simply not enough.") (emphasis in original).

[7] *Orthopaedic Hosp. v. Encore Med. L.P.*, 2021 U.S. Dist. LEXIS 87091, at *4 (S.D. Cal. May 6, 2021) (*quoting Murray*, 2016 U.S. Dist. LEXIS 75510, at *2 n.3).  *See also Fleming v. Cnty. of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) ("Page limits are important, not merely to regulate the Court's workload, but also to encourage litigants to hone their arguments and to eliminate excessive verbiage.  The fifty-page limit 'induces the advocate to write tight prose, which helps his client's cause.'").

[8] *Orthopaedic Hosp.*, 2021 U.S. Dist. LEXIS 87091, at *4 (*quoting Elec. Frontier Found. v. C.I.A.*, 2012 U.S. Dist. LEXIS 47100, at *1 (N.D. Cal. Apr. 3, 2012)).

[9] *See* County Defendants' Motion for Summary Judgment [Dkt. No. 185]; Hospital Defendants' Motion for Summary Judgment [Dkt. No. 193].

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

assert that the overlength briefs are necessary due to the "lengthy factual record" in this case.[10] Notably, the reality that this case is factually intensive does not establish good cause for dispositive motions that are double the normal page limit. Factual matters are not appropriate for summary judgment.[11]

The County Defendants go even one step further—beyond the 75 pages of their existing brief—and incorporate by reference sections of the other Defendants' briefing.[12] Incorporation of substantive material by reference is not sanctioned by the Federal Rules and is a further attempt to circumvent the LR 7-2(b) page limits.[13]

This Court has discretion to strike all or part of an overlength brief.[14] The Court should exercise its discretion here to deny the motions for overlength brief and strike the portions of briefs in excess of 50 pages, especially in light of the prejudice to Plaintiffs. While the Defendants have had months and months to prepare their lengthy briefing, Plaintiffs have only six weeks and a 35-page limit within which to respond.

---

[10] County Defendants' Motion to Exceed Page and Word-Count Limitations at 2 [Dkt. No. 184]. *See also* Hospital Defendants' Motion for Leave to File Overlength Brief at 2 (referencing the "massive factual record" in this case) [Dkt. No. 192].

[11] Fed. R. Civ. P. 56(a). The Defendants assert in their motions for overlength briefs that each defendant should be entitled to a separate 35-page brief and, in that respect, their overlength briefs are not, in fact, overlength. There is nothing in LR 7-2(b) that authorizes parties to clutter the court's docket with repetitive, separate 35-page briefs.

[12] *See* County Defendants' Motion for Summary Judgment at ECF pages 34 and 35 ("County Defendants join and incorporate herein the arguments in Oregon State Defendants' brief on this issue. . . . County Defendants join and incorporate herein the other defendants' briefs on this issue.") [Dkt. No. 185].

[13] *See Swanson v. United States Forest Serv.*, 87 F.3d 339, at *345 (9th Cir. 1996); *Nichol v. City of Springfield*, 2017 U.S. Dist. LEXIS 199467, at *19 n.3 (D. Or. Dec. 3, 2017) ("I agree that plaintiff's counsel violated the spirit, if not the letter, of Local Rule 7-2(B) when he imported an additional seventeen pages into their already full-length response brief.").

[14] *See Burris v. First Reliance Std. Life Ins. Co.*, 2023 U.S. Dist. LEXIS 20260, at *2 (D. Nev. Feb. 7, 2023) (quoting *Beardshear v. Shilo Mgmt. Corp.*, 2008 U.S. Dist. LEXIS 122329, at *1 n.1 (W.D. Wash. Apr. 1, 2008)). *See also McDaniels v. Stewart*, 813 Fed. Appx. 302 (9th Cir. 2020) (Finding that the district court did not "abuse its discretion by limiting McDaniels's response to the defendants' motion for summary judgment to fifty pages instead of ninety-eight.").

Page 4– PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR OVERLENGTH
    BRIEFS [DKT. NOS. 184, 192, AND 208]

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

If the Court grants the Defendants' motions for overlength briefs, Plaintiffs ask the Court to grant Plaintiffs the same number of pages in excess of the LR 7-2(b) limits to avoid the inequity.

## IV.  CONCLUSION

Plaintiffs request the Court deny the Defendants' motions for overlength briefs on summary judgment.  Plaintiffs request the Court strike the pages from the Defendants' briefs in excess of 50 pages.

DATED:  June 24, 2026

| MALONEY LAUERSDORF REINER PC | ATTORNEY BYRON LICHSTEIN |
|---|---|
| By /s/Janis C. Puracal<br>  Janis C. Puracal, OSB #132288<br>  E-Mail:  jcp@mlrlegalteam.com<br>  Andrew C. Lauersdorf, OSB #980739<br>  E-Mail:  acl@mlrlegalteam.com<br><br>  Attorneys for Plaintiffs | By /s/Byron C. Lichstein<br>  Byron C. Lichstein, OSB #214074<br>  E-Mail: blichstein.lplaw@gmail.com<br><br>  Attorneys for Plaintiffs |

Page 5– PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR OVERLENGTH
    BRIEFS [DKT. NOS. 184, 192, AND 208]

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR OVERLENGTH BRIEFS was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Scott C. Ciecko<br>Paul W. Matthias-Bennetch<br>Assistant County Counsel<br>Clackamas County<br>2051 Kaen Road<br>Oregon City, OR 97045<br>sciecko@clackamas.us<br>pbennetch@clackamas.us<br>kvonk@clackamas.us (paralegal)<br>*Attorneys for Defendants Clackamas County, Patrick Bray and Bradley Leikem* | Troy S. Bundy<br>Taylor B. Lewis<br>Hart Wagner LLP<br>1000 SW Broadway, 20th Floor<br>Portland, OR 97205<br>tsb@hartwagner.com<br>tbl@hartwagner.com<br>skh@hartwagner.com (paralegal)<br>clp@hartwagner.com (assist.)<br>srv@hartwagner.com (assist.)<br>*Attorneys for Defendants Dr. Goodman and Child Eye Care Associates LLC* |
| Misha Isaak<br>Michael Rubin<br>Kevin R. Schock<br>Stoel Rives LLP<br>760 SW Ninth Ave., Suite 3000<br>Portland, OR 97205<br>misha.isaak@stoel.com<br>michael.rubin@stoel.com<br>kevin.schock@stoel.com<br>heather.magga@stoel.com (paralegal)<br>sean.moore@stoel.com<br>lauren.richards@stoel.com<br>*Attorneys for Defendants Legacy Emanuel Hospital & Health Center d/b/a Cares Northwest, Legacy Emanuel Hospital & Health Center d/b/a Randall Children's Hospital at Legacy, Dr. Adebimpe Adewusi, Dr. Keyvan Abtin, and Stokely Rodriguez* | Dirk L. Pierson<br>Senior Assistant Attorney General<br>Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301-4096<br>dirk.l.pierson@doj.oregon.gov<br>kehla.miller@doj.oregon.gov (assist.)<br>donna.c.harms@doj.oregon.gov (paralegal)<br>*Attorneys for Department of Human Services, Aubrey Fear, and Kathryn Greene* |

☒ by electronic means through the Court's ECF System on the date set forth above.

MALONEY LAUERSDORF REINER PC

By /s/Janis C. Puracal
    Janis C. Puracal, OSB #132288
    E-Mail:  jcp@mlrlegalteam.com
Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417